# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Southern District of New York |
|---|---|
| Name (under which you were convicted): BRIAN COLL | Docket or Case No.: 1:15-cr-00360-LAP |
| Place of Confinement: Williamsburg, F.C.I Salters, So. Carolina | Prisoner No.: 72289-054 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |

v. Brian Coll

MOTION    **19 CV 6526**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   United States District Court Southern District of New York

   (b) Criminal docket or case number (if you know): 1:15-cr-00360-LAP

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing:

3. Length of sentence: 360 months

4. Nature of crime (all counts): Deprivation of Rights Under Color of Law, Death Resulting.

5. (a) What was your plea? (Check one)

   (1) Not guilty ☑    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☑    Judge only ☐

[Stamp: 2019 JUL 11 PM 5:07 S.D. OF N.Y. RECEIVED SDNY PRO SE OFFICE]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ❏    No ☑

8. Did you appeal from the judgment of conviction?    Yes ☑    No ❏

9. If you did appeal, answer the following:

    (a) Name of court: U.S. Court of Appeals for the Second Circuit

    (b) Docket or case number (if you know): 17-2900

    (c) Result: Affirmed Decision of the District Court.

    (d) Date of result (if you know): February 21, 2019.

    (e) Citation to the case (if you know): 17-2900 United States vs. Coll

    (f) Grounds raised:

    1) Jury Lacked Sufficient evidence for Cause of Death.
    2) District Court Erroneously instructed the Jury on the "Death Resulting" element of the 18 U.S.C. §242 charge; And 3) that the 360 month Sentence was both Procedurally and Substantively Unreasonable.

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ❏    No ☑

    If "Yes," answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

    (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ❏    No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:        Yes ☐   No ☑
(2) Second petition:   Yes ☐   No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Ineffective Assistance of Counsel Based on Failure to Object To: 1) Illegally Obtained Evidence, 2) Failure By medical examiner to Provide slides of Brain which would have Proven Cause of death, 3) Failure to Object to Trial Justice's Remark to COLL that "Black Lives Matter".
Defense Counsel Never Argued Self defense.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:
Not the Proper Venue For ineffective Assistance of Counsel.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:


GROUND TWO: Insufficient Evidence to establish Cause of Death.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner Claims show that his Actions were A Contributing Factor, And Nothing more. (See memorandum)

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☑   No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐   No ☑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND THREE: THE District Court's Jury Failed to Convey THE Proper Legal standard On Causation & THE Critical element of Death Resulting Relating Prejudice to Coll.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THE Jury Was not Properly instructed As to the Causation Legal Standard. (See memorandum) (See Transcript)

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☑  No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐  No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☐   No ☑

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND FOUR: Abuse of Discretion in the imposition of Colls' 360 month Sentence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1) Colls' Actions, 2) Lack of Proper Jury instructions, 3) And, Failure to Provide effective Assistance of Counsel All Direct Towards what Should have Been A Sentence Range, not to exceed, 10 years. (See memorandum)

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☑  No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐  No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐  No ☑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐  No ☑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐  No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Coll Raises his ineffective Assistance Claim As this is the Proper Venue.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐   No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Sam A. Schmidt

(b) At arraignment and plea: Sam A. Schmidt

(c) At trial: Sam A. Schmidt       Joshua L. Dratel
115 Broadway Suite 1704   29 Broadway
(d) At sentencing: New York, NY 10006   Suite 1412
                                         New York, NY 10006
Sam A. Schmidt
Joshua L. Dratel

(e) On appeal: Bruce Barket, 666 Old Country Rd Suite 700, Garden City, New York 11530

(f) In any post-conviction proceeding: Direct Appeal - Bruce Barket

(g) On appeal from any ruling against you in a post-conviction proceeding:

(1) Was the evidence legally insufficient to establish that death Resulted from defendant's proscribed acts under 18 U.S.C. 242?

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☑

(1) (2) Did the district Court's Jury instructions fail to convey the proper legal standard on Causation, prejudicing defendant on the critical element of "death Resulting" from his violation of 18 U.S.C. 242?

(3) Did the district Court abuse it's discretion in imposing a 360 month prison sentence? Absolutely!

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

THE Timeliness of THIS motion is Consistant With the Rules Governing 28 USC § 2255 motions And the Rules of the Court.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: THAT THE MOVANT'S Conviction OF deprivation OF Rights Under Color OF LAW "Death Resulting Be ~~issued~~ Reversed, And his Sentence VACATED.
or any other relief to which movant may be entitled.

_Pro-Se_
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on  7-2-19  (date). MY BiRthday

_Brian Coll_
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

⊛ Please tell PRESKA
I said hello.
She is precious.
:)

BRIAN COLL
72289-054
FCI-Williamsburg
PO BOX 340
SALTERS SC 29590

RECEIVED
SDNY PRO SE OFFICE
2019 JUL 11 PM 5:07
S.D. OF N.Y.

2019 JUL 10 AM 11:49
S.D. OF N.Y.

⇦72289-054⇦
Court Clerk
US District Court House
500 Pearl ST
NEW YORK, NY 10007
United States

Pro se
mr





FCI

Date 2/2/19

The enclosed letter was processed through special
**procedures for** forwarding to you. The letter was
**neither opened nor** inspected. If the **writer raises a**
problem **over which** this facility has jurisdiction, you
may wish to return the material for further
information or clarification. If the writer encloses
correspondence for forwarding to another address,
return the enclosure to the above address

Mail Room Officer